OPINION
{¶ 1} Samuel L. Fahl appeals from his convictions in the Clark County Common Pleas Court of four counts of rape with victims under the age of thirteen. Fahl pled guilty pursuant to plea negotiations with the prosecutor whereby the State nollied the four specifications that Fahl's victims were under the age of ten years old. Fahl was sentenced to four consecutive ten year terms in prison. After Fahl was indicted, he moved to suppress the statements he made to the Springfield Police Department. At the conclusion of the suppression hearing, the trial court found that Fahl was not in custody when he was questioned by the police, so he was not required to receive the Miranda warnings. The trial court also found that Fahl's statements were freely and voluntarily given. The trial court noted it had reviewed the tape recording of Fahl's interview with the police before making the decision to overrule the suppression motion.
 {¶ 2} In his first assignment, Fahl contends his trial counsel was constitutionally ineffective in failing to request a competency examination. Fahl contends the competency evaluation was particularly important because the competency examination would have revealed that Fahl could not have intelligently waived his Miranda rights prior to giving his statement to the police. Fahl contends his counsel's failure to secure a competency evaluation also prevented him from pursuing an insanity defense. He also contends his trial counsel was constitutionally ineffective in failing to demand a full evidentiary hearing on the sexual offender classification.
 {¶ 3} We agree with the State that Fahl was not in custody at the time he was interviewed at the police department. He was not in handcuffs when he was transported to the police department and he was expressly told he was not under arrest. It is not relevant to the custody issue that the officers intended to arrest Fahl as soon as they obtained his confession. Miranda warnings are not required simply because the questioning takes place in the police station and the questioned person is a suspect. California v.Beheler (1977), 429 U.S. 492; State v. Petitjean,140 Ohio App. 3d 517.
 {¶ 4} We have reviewed the tape recording of the defendant's interview. (State's Ex. B). The questioning was done by Officer Keith McConnell of the Springfield Police Department. Also present in the interview was Officer Stacy Bowermeister. We are satisfied that Fahl was competent to provide a voluntary statement to the police concerning the sexual abuse allegations. The police officers explained to Fahl why they wished to speak to him and no coercion was used to obtain his admissions. Fahl was nineteen years of age at the time of the interview. He had completed 11 years of school, mostly in special education classes. Fahl told the pre-sentence investigator he could only read and write a little. He was employed at the time of his arrest as a tire installer. The interview was not a long one and McConnell merely asked Fahl to tell the truth. Fahl admitted that the police officers were friendly, made no threats to him, and that he spoke to the detective of his own free will. (Mot. 43). In short, Fahl's counsel may have concluded after reviewing the taped confession that a competency evaluation would not have been productive in combating the admission of his client's statement.
 {¶ 5} Fahl contends his trial counsel had sufficient information about his compromised mental and intellectual condition to believe that he was incompetent to stand trial and may have had an insanity defense. An accused, however, is presumed to be competent to stand trial and the record fails to disclose that trial counsel had any difficulty communicating with Fahl or that counsel had reason to believe that Fahl misunderstood his situation and the nature of the court proceedings he faced.
 {¶ 6} The pre-sentence report which the court reviewed indicated that Fahl threatened suicide when he was booked into the County Jail at the time of his arrest. Fahl was seen by a psychiatrist for a suicidal risk assessment, and he reported that Fahl said he heard voices telling him to hurt himself which stopped prior to his interview. Dr. Rahman provided Fahl with medication to address his depression. Dr. Rahman's diagnostic impression was that Fahl was bipolar and depressed with psychotic features.
 {¶ 7} We have reviewed the record of Fahl's guilty plea. We find nothing in the record that suggests that Fahl was not competent to enter his guilty plea. Fahl informed the court that he was taking an anti-depressant but he indicated the medication did not affect his ability to understand the nature of the proceedings. (Plea, T. 5). Fahl told the court that he reviewed the written plea agreement with his lawyers and understood it. (Plea, T. 6). The court explained that the charges involved Fahl's having sexual conduct on four occasions with Fahl's cousins who were both under thirteen years of age. Fahl indicated he understood the charges to which he was pleading guilty. (Plea, T. 8). Fahl also indicated he understood the sentence he faced as explained by the court. Fahl also indicated he understood the constitutional rights he would surrender by pleading guilty. (Plea, T. 12).
 {¶ 8} A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel. State v. Buck (1986),28 Ohio St.3d 108, 110. The fact that Fahl was depressed and perhaps suicidal when he was incarcerated on these serious charges is not surprising. In any event, Fahl received medication for his depression and there was nothing remarkable about his behavior at the suppression hearing, the plea hearing, or the sentencing hearing.
 {¶ 9} It is clear that a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. State v. Bradley (1989),42 Ohio St.3d 136. Fahl was represented by an experienced defense counsel who never suggested to the trial court that his client was not competent to stand trial. We have held that taking prescription medications, such as lithium for depression, do not render a defendant incompetent to stand trial. State v.Borchers (1995), 101 Ohio App.3d 157. R.C. 2945.37(F) provides that a defendant shall not be found incompetent simply because he is mentally ill or mentally retarded or because he is using psychotropic drugs. The trial court should be alert to circumstances which would suggest that a defendant in a criminal case does not meet the standards of competence to stand trial.State v. Marshall (1984), 15 Ohio App. 3d 165. The prosecutor and defense counsel also play a gatekeeping role to insure that only competent individuals are brought to trial in criminal matters. No one involved in Fahl's prosecution indicated any concern for his competency to stand trial and enter a voluntary, intelligent plea. In short, appellant has failed to demonstrate that his trial counsel was ineffective for failing to request a competency evaluation. The first assignment of error is Overruled.
 {¶ 10} In his second assignment, Fahl contends the trial court erred in imposing the maximum consecutive sentence of 40 years upon him. The appellant notes that the court imposed the sentence after making certain findings under Ohio's Felony Sentencing Law. Appellant's assignment of error is sustained upon the authority of State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856.
 {¶ 11} The Judgment of the trial court is Reversed and Remanded for resentencing in compliance with State v. Foster,supra.
Grady, P.J., and Fain, J., concur.