[Cite as *State v. Griffith*, 2016-Ohio-8510.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26943 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-1226 |
| | : | |
| RYAN K. GRIFFITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of December, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LYNNE R. NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ALEX F. KOCHANOWSKI, Atty. Reg. No. 0090940, 4173 Forest Avenue #2, Norwood, Ohio 45212
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Ryan K. Griffith, appeals from his conviction and sentence in the Montgomery County Court of Common Pleas after entering a plea of guilty to two counts of rape by force or threat of force and one count of gross sexual imposition of a minor under the age of 13. In support of his appeal, Griffith contends he received ineffective assistance of trial counsel due to his counsel's failure to conduct an investigation into his mental health and failure to request a competency hearing. Griffith argues his counsel's ineffectiveness caused his guilty plea to be less than knowing, intelligent, and voluntary. In addition, Griffith challenges the length of his prison sentence on grounds that the trial court failed to consider certain mitigating factors. For the reasons outlined below, we find that all of Griffith's claims lack merit and will affirm the judgment of the trial court.

**Facts and Course of Proceedings**

{¶ 2} On August 26, 2014, the Montgomery County Grand Jury returned an indictment charging Griffith with two counts of rape of a child less than 13 years of age, two counts of gross sexual imposition of a child less than 13 years of age, and one count of attempted rape of a child under 13 years of age, all with sexually violent predator specifications. The indictment also charged Griffith with three counts of unlawful sexual conduct with a minor and one count of attempted unlawful sexual conduct with a minor. The charges stemmed from allegations that Griffith sexually abused a family member between the dates of February 5, 2007 and September 19, 2011, when Griffith was between 16 to 20 years old and the victim was 10 to 14 years old.

{¶ 3} After initially pleading not guilty to the charges, on April 17, 2015, Griffith entered a plea agreement wherein the State agreed to dismiss all the charges and specifications in the August 26th indictment in exchange for Griffith pleading guilty to a bill of information charging him with two counts of rape by force or threat of force in violation of R.C. 2907.02(A)(2), both felonies of the first degree, and one count of gross sexual imposition of a minor under the age of 13 in violation of R.C. 2907.05(A)(4), a felony of the third degree. As part of the plea agreement, Griffith and the State jointly agreed to the imposition of an aggregate, mandatory seven-year prison sentence with Griffith being designated a Tier III sex offender for the rape offenses and a Tier II sex offender for the gross sexual imposition offense. Griffith also agreed to acknowledge on the record that he committed the offenses and to express his remorse for having committed the offenses.

{¶ 4} At the plea hearing, the trial court confirmed the plea agreement on the record and then obtained Griffith's waiver of his right to indictment by a grand jury and to one-day service of the bill of information. The trial court then proceeded with a Crim.R. 11 plea colloquy, after which the trial court found that Griffith knowingly, intelligently, and voluntarily pled guilty to two counts of rape by force or threat of force and one count of gross sexual imposition of a minor under the age of 13 as set forth in the bill of information.

{¶ 5} After entering his guilty plea, Griffith provided an apology and acknowledged his offenses on the record per the plea agreement. At this time, Griffith advised the trial court that he too had been a victim of sexual abuse, as Griffith claimed he was molested and raped by a family member multiple times when he was ten years old. Following Griffith's statements, the trial court ordered a full presentence investigation to be

conducted and scheduled the matter for sentencing on April 30, 2015.

{¶ 6} At sentencing, the trial court imposed the aggregate, mandatory seven-year prison sentence that was jointly recommended by the parties. Specifically, the trial court imposed a mandatory seven-year prison term for each of the rape offenses and a five-year prison term for the gross sexual imposition offense, and ordered each of the prison terms to run concurrently. Griffith was also ordered to serve five years of post-release control and designated a Tier III sexual offender for the rape offenses and a Tier II sexual offender for the gross sexual imposition offense.

{¶ 7} Griffith now appeals from his conviction and sentence, raising three assignments of error for review.

**First and Second Assignments of Error**

{¶ 8} For purposes of clarity, we will address Griffith's first two assignments of error together, as they concern the same ineffective assistance of counsel claim. Griffith's first two assignments of error are as follows:

I.    MR. GRIFFITH RECEIVED INEFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO OBTAIN A COMPETENCY EVALUATION IN ORDER TO DETERMINE MR. GRIFFITH'S COMPETENCY TO STAND TRIAL AS WELL AS TO DETERMINE MR. GRIFFITH'S MENTAL HEALTH STATUS DURING THE PERIOD OF THE EVENTS ALLEGED, IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.

II.     MR. GRIFFITH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS RESULTING IN AN UNINTELLIGENT AND UNKNOWING PLEA.

{¶ 9} Under his First and Second Assignments of Error, Griffith contends that his trial counsel was ineffective in failing to investigate his mental health; more specifically, what effect the sexual abuse Griffith sustained as a child had on his mental health. Griffith claims that since his trial counsel was aware that he had been abused as a child, counsel should have requested a competency evaluation and that the failure to do so resulted in him receiving a less favorable plea agreement and a harsher sentence.[1] According to Griffith, an investigation of his mental health and a competency evaluation would have provided the State and trial court with mitigating information regarding his mental health, and would have resulted in a more favorable plea agreement and a lesser sentence.   Griffith also contends that counsel's failure to investigate his mental health and failure to request a competency evaluation caused his guilty plea to be less than knowing and voluntary.   We disagree with Griffith's claims.

{¶ 10} In order to succeed on an ineffective assistance claim, Griffith must show that his trial counsel rendered deficient performance and that counsel's deficient

---

[1] We note that Griffith's argument that trial counsel's alleged ineffective assistance resulted in a harsher sentence was tangentially raised under his Third Assignment of Error, which challenges the length of his prison sentence.   Because that argument concerns the ineffective assistance claim raised under Griffith's First and Second Assignments of Error, we find that it is appropriate and more expedient to consider it here as opposed to under his Third Assignment of Error.

performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish deficient performance, Griffith must prove that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688; *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 11} To show prejudice, defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688, 694; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 12} By pleading guilty, Griffith has waived the right to claim that he was denied the effective assistance of counsel for anything other than that his counsel's ineffectiveness rendered his plea less than knowing and voluntary. (Citation omitted.) *State v. Plato*, 2d Dist. Champaign No. 2003 CA 26, 2004-Ohio-5782, ¶ 36; *State v. Simpson*, 2016-Ohio-1267, 61 N.E.3d 899, ¶ 7 (2d Dist.). "Only if there is a reasonable probability that, but for counsel's errors, [Griffith] would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed." *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9, citing *Hill v. Lockhart*, 474 U.S. 52,

52-53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992). (Other citation omitted.) Therefore, the question at issue here is limited to whether trial counsel's failure to investigate Griffith's mental health and to request a competency evaluation caused Griffith's guilty plea to be less than knowing and voluntary so that he would have chosen to go to trial instead of pleading guilty.

{¶ 13} "An appellate court reviews the record to determine if the plea was knowing, intelligent, and voluntary." (Citation omitted.) *Huddleson* at ¶ 10. "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11; however, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29-31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 14} In this case, the record establishes that the trial court fully complied with the requirements of Crim.R. 11 at the plea hearing and that Griffith subjectively understood the plea agreement, the nature of the charges and penalties he faced, and the implications of his plea. The record also establishes no indicia of incompetence that would have warranted probing into Griffith's mental health. We note that a defendant is deemed competent if he has "sufficient and present ability to consult with his lawyer with

a reasonable degree of rational understanding—and * * * a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). This standard applies to competency to enter pleas as well as to stand trial. (Citation omitted.) *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57.

{¶ 15} Griffith's claim on appeal that his mental health and competency to enter a guilty plea were affected by the sexual abuse he suffered as a child is speculative at best. There is absolutely nothing in the record indicating that Griffith's alleged trauma rendered him incapable of assisting his counsel or understanding the charges against him. Furthermore, at all times during the plea hearing, Griffith gave appropriate, meaningful responses to the trial court's questions, and specifically advised the trial court that he was on medication that did not affect his ability to understand what the court was explaining to him. Griffith also provided articulate apologies to the victim at both the plea and sentencing hearings wherein he recognized the wrongfulness of his actions. In addition, trial counsel advised the court at the sentencing hearing that Griffith was nice to work with, easy to talk to, and very respectful. Moreover, there is absolutely nothing in the presentence investigation report indicating that Griffith suffers from a mental illness. The presentence investigation report indicates that Griffith briefly discussed the sexual abuse he endured as a child with the examiner, and that he specifically advised the examiner that he had no mental health issues. In fact, Griffith told the examiner that "he knew what he was doing was wrong but chose to do it anyway."

{¶ 16} That said, it is well established that even a defendant who may be emotionally disturbed or even psychotic can still be capable of understanding the charges

against him and assisting his counsel. *State v. Fahl*, 2d Dist. Clark No. 2005-CA-98, 2006-Ohio-1809, ¶ 8, citing *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986). *Accord State v. Smith*, 89 Ohio St.3d 323, 329, 731 N.E.2d 645 (2000). A defendant is not deemed incompetent simply because he or she suffers from a mental illness. *State v. Berry*, 72 Ohio St.3d 354, 650 N.E.2d 433 (1995), syllabus (holding "[t]he term 'mental illness' does not necessarily equate with the definition of legal incompetency"). *Accord Fahl* at ¶ 9, citing R.C. 2945.37(F).

{¶ 17} Regardless, without some evidence of incompetence or mental deficiency on the record, it is impossible to judge whether Griffith's trial counsel rendered deficient performance by failing to investigate his mental health and failing to request a competency evaluation. *See State v. Taravella*, 7th Dist. Harrison No. 02 HA 542, 2003-Ohio-4880, ¶ 29. In determining an ineffective assistance claim, our review is limited to the record before this court and there is simply nothing in the record indicating that Griffith suffered from a mental deficiency that would have prevented him from entering a knowing and voluntary plea. There is also nothing in the record indicating that Griffith's trial counsel failed to exercise due diligence to assure himself that that Griffith was capable of assisting in his defense and understanding the charges so as to competently negotiate and enter a guilty plea. *See State v. Prophet*, 10th Dist. Franklin No. 14AP-875, 2015-Ohio-4997, ¶ 31-32.

{¶ 18} Even if we were to assume that counsel did render deficient performance by not investigating Griffith's mental health and not requesting a competency evaluation, the fact remains that Griffith has failed to demonstrate that said deficiency caused his guilty plea to be less than knowing and voluntary, as the record demonstrates that the

trial court fully complied with Crim.R. 11 and that Griffith understood the rights he was waiving, the charges and penalties he faced, and the implication of his plea. Griffith also cannot establish that there is a reasonable probability that but for counsel's alleged error he would not have pled guilty, as it is impossible to know what any hypothetical investigation or competency evaluation would have revealed or what impact it would have had on Griffith's decision to plead guilty. Moreover, the result of any hypothetical competency evaluation is a matter which is outside the record of the proceedings, which we cannot consider on appeal. *See Prophet* at ¶ 34.

{¶ 19} For the foregoing reasons, Griffith's ineffective assistance claim lacks merit; therefore, his First and Second Assignments of Error are overruled.

### Third Assignment of Error

{¶ 20} Griffith's Third Assignment of Error is as follows:

MR. GRIFFITH WAS DENIED DUE PROCESS AND [A] FAIR TRIAL DURING SENTENCING WHEN THE TRIAL COURT FAILED TO SENTENCE MR. GRIFFITH TO THE STATUTORY MINIMUM BASED ON HIS PERSONAL FACTORS IN MITIGATION, IN VIOLATION OF HIS FOURTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶ 21} Under his Third Assignment of Error, Griffith challenges the mandatory seven-year prison term imposed by the trial court on grounds that the court failed to give adequate weight to certain mitigating factors, including his remorse, lack of criminal history, and his own history of sexual abuse. Based on these factors, Griffith contends

that a minimum sanction of three years in prison should have been imposed.   The State responds that because Griffith's sentence was an agreed sentence, it is not reviewable on appeal pursuant to R.C. 2953.08(D)(1).   We agree with the State.

{¶ 22} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."   Therefore, "under division (D)(1), if a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.' "   *State v. Sergent*, Ohio Sup.Ct. Slip Opinion No. 2016-Ohio-2696, ¶ 15.   "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions."   *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶ 23} In this case, Griffith's aggregate, mandatory seven-year prison sentence comports with all mandatory sentencing provisions.   Specifically, the concurrent seven-year prison terms imposed for the two first-degree-felony counts of rape and the concurrent five-year prison term imposed for the single third-degree-felony count of gross sexual imposition of a minor under the age of 13 are all within the prescribed sentencing ranges.   *See* R.C. 2929.14(A)(1) and (3)(a).   The prison sentences for rape were also properly designated as mandatory sentences.   *See* R.C. 2929.13(F)(2).   Moreover, Griffith was properly ordered to serve five years of post-release control, *see* R.C. 2967.28(B)(1), and was correctly designated as a Tier III sex offender for the rape offenses and a Tier II sex offender for gross sexual imposition.   *See* R.C. 2950.01.

Accordingly, the record indicates that Griffith's sentence was authorized by law.

**{¶ 24}** Because Griffith's lawful sentence was jointly recommended by the parties and imposed by the sentencing judge, pursuant to R.C. 2953.08(D)(1), we are precluded from reviewing his sentence on appeal. Accordingly, Griffith's Third Assignment of Error is overruled.

## Conclusion

**{¶ 25}** Having overruled all assignments of error raised by Griffith, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Lynne R. Nothstine
Alex F. Kochanowski
Hon. Dennis J. Langer