[Cite as *State v. McBride*, 2017-Ohio-4281.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 MA 0002 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHRISTOPHER McBRIDE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case Nos. 02 CR 900 A; 02 CR 943 A

JUDGMENT:          Affirmed.

APPEARANCES:
For Plaintiff-Appellee:          Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:          Atty. Richard J. Hura
P.O. Box 467
Columbiana, Ohio 44408

Christopher McBride, *Pro se*
#444-136
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430-0901

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: June 9, 2017

WAITE, J.

{¶1} Appellant Christopher McBride appeals the judgment of the Mahoning County Common Pleas Court denying a motion to withdraw his guilty plea to multiple counts of aggravated burglary, robbery and burglary. Appellant's counsel filed a no merit brief requesting leave to withdraw. A review of the record reveals there are no appealable issues. Appellant's appointed counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} On March 25, 2003, Appellant pleaded guilty in Mahoning County Common Pleas Court to burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree; three counts of aggravated burglary, in violation of R.C. 2911.01(A)(1); and two counts of robbery, in violation of R.C. 2911.02(A)(3), a felony of the third degree. The three aggravated burglary charges were accompanied by firearm specifications, in violation of R.C. 2941.145(A). This matter was assigned case number 2002 CR 900 A.

{¶3} Also on March 25, 2003, in Mahoning County Common Pleas Case No. 2002 CR 943 A, Appellant pleaded guilty to aggravated burglary, in violation of R.C. 2911.01(A)(1), a felony of the first degree; and robbery, in violation of R.C. 2911.02(A)(3), a felony of the third degree. The two cases proceeded to a single sentencing hearing on June 3, 2003. In case number 02 CR 900 A, the trial court sentenced Appellant to three years of incarceration on the burglary charge in count one; three years on the aggravated burglary charge in count two; three years on the aggravated burglary charge in count three; three years on the aggravated burglary

charge in count four with three years for the firearm specification on this count; three years on the robbery charge in count five; and three years on the robbery charge in count six. These sentences were all to be served consecutively. In case number 02 CR 943 A, Appellant was sentenced to seven years of incarceration for aggravated burglary to be served consecutively to the sentences imposed in case number 02 CR 900 A; and three years for robbery to be served concurrently with the sentence imposed in this case for aggravated burglary. The sentence ordered for Appellant in both cases totaled 28 years. The trial court ordered this 28-year sentence to be served consecutively to a sentence earlier imposed in the Trumbull County Court of Common Pleas in another matter. Appellant did not appeal.

{¶4} Instead, on June 22, 2005, Appellant filed a motion to withdraw his guilty plea. The trial court denied the motion on August 25, 2005 and again Appellant did not appeal. On October 18, 2007, Appellant filed a delayed appeal of the trial court's June 6, 2003 judgment entry of conviction and sentence. This Court denied Appellant's delayed appeal because it was improperly filed. *State v. McBride,* 7th Dist. No. 07 MA 185. On November 2, 2010, Appellant filed a second motion to withdraw his guilty plea. The trial court denied this motion on November 22, 2010. Appellant did not appeal. On October 5, 2015, Appellant filed a third motion seeking to withdraw his 2003 guilty plea. On December 3, 2015, the trial court denied that motion. Appellant has now filed this timely appeal of the trial court's judgment denying his third motion to withdraw his plea.

<u>No Merit Brief</u>

**{¶5}** Appellate counsel seeks to withdraw from representation after reviewing the record and finding no potentially meritorious arguments for appeal. This filing of a no merit brief is made pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967). This Court has addressed no merit briefs in *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970). In *Toney,* this Court established the procedure to be undertaken when appellate counsel wishes to withdraw from a case based on a frivolous appeal.

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶6}** Appellate counsel filed a no merit brief in this matter on June 10, 2016. On June 14, 2016, we issued a judgment entry informing Appellant of counsel's no merit brief and granting him 45 days to file his own written brief. On July 11, 2016, Appellant filed a *pro se* brief. On September 8, 2016, Appellee filed a reply brief in the matter.

**{¶7}** The no merit brief filed by appointed appellate counsel suggests Appellant may arguably raise an issue regarding whether his plea was knowingly or voluntarily made due to the effects of medications Appellant was taking at the time he entered the plea. In reviewing this possible argument, however, counsel concludes it has no merit and the appeal is frivolous. Appellant does not raise the issue in his *pro se* brief to us, raising other possible issues, instead. However, *Toney* requires that we independently examine the record to determine whether any potentially meritorious issues exist for appeal.

<u>*Res Judicata*</u>

**{¶8}** In his *pro se* brief, Appellant argues that the basis for his motion to withdraw his guilty plea was that the offenses were allied offenses of similar import

and the trial court did not inform him of this fact. Thus, Appellant claims the trial court did not substantially comply with Crim.R. 11 prior to accepting his guilty plea and, as a result, Appellant's plea was not made knowingly, voluntarily and intelligently.

{¶9} In response, Appellee argues that *res judicata* precludes Appellant from raising any issues relating to alleged allied offenses. Appellee also states that should this Court decide *res judicata* does not operate as a bar to Appellant's claim, the matter is subjected to a review for only plain error, as Appellant failed to raise an issue regarding allied offenses at the time of his guilty plea in case number 2002 CR 900 A and seems to concede merger was warranted to the extent the issue was addressed. While Appellant did raise the issue in case number 2002 CR 943 A, counsel appeared to acknowledge to the trial court that it was questionable whether merger might be possible. While counsel mentioned merger, it was in the nature of a mere suggestion that the court might consider.

{¶10} Whether to grant a motion to withdraw a guilty plea is within the sound discretion of the trial court. *State v. Xie,* 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). In order to find an abuse of discretion, a reviewing court must find that the trial court's decision was arbitrary, unconscionable or unreasonable. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶11} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent

standard for deciding a postsentence motion to withdraw a guilty plea. *Xie,* 62 Ohio St.3d at 526.

**{¶12}** The burden of establishing the existence of manifest injustice is on the individual seeking to vacate the plea. *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A motion to withdraw a guilty plea made after sentencing is allowed only in extraordinary cases. *Id.* at 264.

> Manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. Paramount in this determination is the trial court's compliance with Crim.R. 11(C), evidence of which must show in the record that the accused understood his rights accordingly.

*State v. Padgett,* 8th Dist. No. 64846, 1993 WL 243101, *1 (Jul. 1, 1993).

**{¶13}** While there is no time limit for filing a motion to withdraw after a sentence is imposed, an undue delay between the time the motion is filed and the reason for such late filings is a factor which may adversely affect the credibility of the movant. *Smith* at paragraph three of the syllabus.

**{¶14}** The state asserts Appellant's argument is barred by *res judicata* and that Appellant is precluded from raising the issue in this third, successive, withdrawal of plea motion when it could and should have been raised on direct appeal.

**{¶15}** We have noted that a "defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal." *State v. Reed,* 7th Dist. No. 04 MA 236, 2005-Ohio-2925, ¶ 11.

Moreover, "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

**{¶16}** The instant case involves Appellant's third motion to withdraw his guilty plea. We have held that "res judicata applies to the second and all successive postsentence motions to withdraw a plea under Crim.R. 32.1." *State v. Burnside,* 7th Dist. No. 09 MA 179, 2010-Ohio-3158, ¶ 5. The doctrine of *res judicata* acts to bar the making of piecemeal claims in successive motions to withdraw a plea that could have been raised in a single motion. *Id.* Appellant filed no direct appeal from his 2003 conviction and sentence, nor did he file an appeal from the denial of either of his previous two motions to withdraw. Appellant's issue, that he was not informed that his offenses constituted allied offenses, could have been raised in any of these three previous opportunities. This Court has recently held, "[a]pplication of res judicata in such a situation protects the finality of the judgment of conviction and eliminates the bringing of piecemeal withdrawal motions." *State v. Colvin,* 7th Dist. No. 15 MA 0162, 2016-Ohio-5644, 70 N.E.3d 1012, ¶ 49.

**{¶17}** There are multiple hurdles to overcome before we can reach Appellant's arguments. Both the timeliness and repetitiveness of his motions weigh heavily against the remedy he seeks. The original conviction and sentence occurred in 2003. Appellant filed no direct appeal. Instead, he filed a motion to withdraw that guilty plea just over two years later. The trial court denied the motion and again

Appellant failed to appeal. In 2007, Appellant elected to file a delayed appeal of his conviction. After it was denied as improperly filed, Appellant waited for three years to file a second motion to withdraw his guilty plea, in 2010. The trial court denied that motion and Appellant still did not appeal. Finally, five years later, in 2015, Appellant filed a third motion seeking to withdraw his guilty plea which was overruled and from which the instant appeal arises. There is no better example of the dangers in taking a piecemeal approach to motions to withdraw than the record before us. Not only has Appellant filed multiple motions to withdraw his guilty plea, he has failed to appeal any of them until now. Appellant also failed to appeal the underlying conviction and sentence. *Res judicata* operates to preclude this third motion to withdraw his guilty plea.

{¶18} Despite the fact that Appellant is clearly barred by *res judicata* from this appeal, nevertheless, it is apparent from this record that Appellant was properly convicted and sentenced.

<u>Plea Hearing</u>

{¶19} A plea of guilty or no contest must be made knowingly, intelligently and voluntarily in order for it to be deemed valid and enforceable. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Crim.R. 11(C)(2) requires the trial judge to address the defendant personally to review the rights that defendant is waiving and to discuss the consequences of the plea. Moreover, a defendant is unable to knowingly, intelligently and voluntarily plead guilty to an offense if he lacks the capacity to understand the nature and object of the proceedings against him.

*State v. Davis,* 7th Dist. No. 00 CO 61, 2002-Ohio-3853, ¶ 3.  However, a defendant's plea is not void solely because he may be taking medication.  R.C. 2945.37(F).  A defendant is presumed to be competent and has the burden of rebutting that presumption.  *State v. Filiaggi,* 86 Ohio St.3d 230, 236, 714 N.E.2d 867 (1999); R.C. 2945.37(G).

{¶20} A review of this record demonstrates the trial court strictly complied when advising Appellant of his constitutional and other rights associated with entering a guilty plea.  In both the written plea agreement and at the hearing, Appellant was advised of the constitutional rights he would waive by pleading guilty, including the right to a jury trial; the right to confront witnesses against him; the right to obtain witnesses of his own; the state's burden to prove its case against him beyond a reasonable doubt; and his right against self-incrimination.  The court also informed Appellant about other, nonconstitutional rights, including the maximum potential penalty and fine that could be imposed as well as the mandatory prison term due to the firearm specifications for each respective case.

{¶21} The trial court here inquired as to whether Appellant was under the influence of any drugs or alcohol at the time he entered his plea.  Appellant responded in the negative.  The transcript of proceedings is devoid of any evidence that Appellant was impaired in any way from understanding the proceedings or the consequences of his guilty plea.  Accordingly, there are no appealable issues regarding Appellant's guilty plea.

Sentencing

**{¶22}** In reviewing a felony sentence, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶23}** Appellant contends the trial court erred in denying his motion to withdraw his guilty plea because at sentencing the trial court did not assess whether any of the counts were allied offenses. R.C. 2941.25 governs allied offenses of similar import.

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶24}** R.C. 2941.25 pertains to both the conviction and the sentence. *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12. The statute's "mandate that a defendant may be 'convicted' of only one allied offense is a

protection against multiple sentences rather than multiple convictions." *Id.* at ¶ 18. Moreover, "it is the state that chooses which of the allied offenses to pursue at sentencing." *Id.* at ¶ 20. Thus, "[w]hen the state elects which of the two allied offenses to seek sentencing for, the court must accept the state's choice and merge the crimes into a single conviction for sentencing." *Id.* at ¶ 24.

**{¶25}** Whether an offender has been convicted of allied offenses of similar import is dependent upon the facts of the case, as the statute is focused on the conduct of the offender. *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 26. An accused may be convicted and sentenced for multiple offenses if: (1) the offenses each caused separate, identifiable harm; (2) the offenses were committed separately; or (3) the offenses were committed with separate animus. *Id.* at ¶ 25.

**{¶26}** Once the sentencing court determines that the offender has been found guilty of allied offenses of similar import that are subject to merger, R.C. 2941.25 prohibits the court from imposing multiple sentences. *State v. Damron,* 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. Moreover, "[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses." *Id.*

**{¶27}** An offender's failure to raise the issue of allied offenses in the trial court forfeits all but plain error and a forfeited error is not reversible unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest injustice. *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Moreover, the accused must show there was a reasonable probability that the

convictions are for allied offenses of similar import committed with the same conduct and without separate animus. *Id.* If such a showing is not made, "the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

**{¶28}** The Supreme Court of Ohio has held:

[W]hen a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata*.*

*State v. Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 26.

**{¶29}** Thus, if neither the parties nor the trial court raise the issue of allied offenses of similar import and the court does not find that the convictions should merge for purposes of sentencing, the imposition of separate sentences is not contrary to law. See *Rogers* at ¶ 3. However, when the trial court concludes that the offender is guilty of allied offenses of similar import, imposing separate sentences for those offenses is contrary to law and the sentences are void on the face of the judgment of conviction. See *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26.

**{¶30}** In the instant matter, Appellant contends he is entitled to withdraw his guilty plea because the trial court failed to advise him whether any of his offenses were allied offenses of similar import pursuant to R.C. 2941.25(A). Notwithstanding

that we have already determined Appellant's claims are barred by *res judicata*, this record reflects that no appealable issues exist.

**{¶31}** The issue of allied offenses was addressed at the June 3, 2003, sentencing hearing.

[APPELLANT'S COUNSEL]: This is one of those cases, in which, quite candidly, I spent some time trying to figure out what I would say to the Court that would appropriately reflect all the things that have happened. There are a number of victims in this case. Specifically 02 CR 900A has multiple victims. As a lawyer you ask yourself, well, there could be some merger argument, and I don't think, quite candidly, that's appropriate in this case because of the different victims for each particular matter on 02 CR 900A, so I won't even try to make an argument to that. But to 02 CR 943, I think that there could be a merger argument. One is that [it] involves the same victim. As I understand it, it was a burglary of a home, and for whatever that's worth, I would ask the Court to consider that when it comes to Counts 1 and 2 for purposes of sentencing. I would ask that there be a merger.

(6/3/03 Sent. Hrg. Tr., pp. 6-7.)

**{¶32}** Later during this hearing the trial court noted only that the firearms specifications merged pursuant to the plea agreement and by stipulation. Thus, at the sentencing hearing, Appellant's counsel specifically waived merger in case number 02 CR 900 A, expressing that because there were multiple victims, there was

separate, identifiable harm precluding merger. While counsel appears to ask that merger be considered in the other case, no real argument was made and no facts to support merger were laid out. The court obviously did not find the convictions should merge for purposes of sentencing and the imposition of separate sentences is not contrary to law. Appellant was required to assert the issue in a timely appeal, otherwise it is barred by *res judicata.* As the trial court made no finding regarding merger and Appellant failed to file a direct appeal, Appellant's claim is precluded by *res judicata* based on *Rogers* and its progeny.

{¶33} In sum, appellate counsel seeks to withdraw from representation pursuant to *Toney* as a review of the record did not reveal any potentially meritorious arguments. The issue asserted by Appellant in his *pro se* brief before us is without merit and our own independent review of the record reveals Appellant's appeal is barred by the doctrine of *res judicata* and, notwithstanding, no appealable issues exist. The judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.

Robb, P.J., concurs.