# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DYLAN WILKERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0034**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 498

**BEFORE:**
Cheryl L. Waite, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, Ohio 44109, for Defendant-Appellant

Dated: September 29, 2023

---

**WAITE, J.**

**{¶1}** Appellant is appealing his guilty plea to one count of rape. Appellant argues that the trial judge should have *sua sponte* ordered a competency exam prior to accepting his guilty plea. He also argues that his counsel was constitutionally ineffective for not requesting a competency exam. A trial court's decision regarding *sua sponte* ordering a competency exam is governed by the four-part test in *State v. Brown*, 7th Dist. Mahoning No. 16 MA 0147, 2017-Ohio-9372. The record does not support any of the *Brown* factors, The record also fails to support a conclusion that counsel should have requested a competency exam for Appellant, or that Appellant was prejudiced by counsel's action. Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

Facts and Procedural History

**{¶2}** Appellant was indicted on September 16, 2021, on one count of rape pursuant R.C. 2907.02(A)(1)(c), a first degree felony. The crime occurred on August 8, 2021. Appellant, who was 24 years old when the crime was committed, was a guest at the victim's apartment. The victim fell asleep on her couch, and awoke to find that Appellant was sexually assaulting her. (3/17/22 Tr., p. 2.) Jury trial began on November 1, 2021. On November 3, 2021, Appellant entered into a Crim.R. 11 plea agreement. The plea agreement stated that the minimum prison term was from 3-4.5 years, and the maximum term was 11-16.5 years. Appellant agreed to plead guilty to one charge of rape as found in the indictment, in exchange for a recommendation from the prosecutor of a sentence of 7-10.5 years in prison. A presentence investigation report was ordered, and sentencing was set for December 16, 2021.

Case No. 22 MA 0034

**{¶3}** On November 15, 2021, Appellant delivered a letter to the court that the court construed as a motion for new counsel and a motion to withdraw his plea. On December 20, 2021, the court appointed new counsel. On February 9, 2022, Appellant withdrew the motion seeking to withdraw his guilty plea.

**{¶4}** Sentencing was reset for March 17, 2022. The prosecutor recommended a prison term of 7-10.5 years. Appellant argued for a minimum term of three years. The court imposed a prison term of 5-7.5 years, and designated Appellant a Tier III sex offender. The final judgment of conviction and sentence was filed on March 21, 2022. This timely appeal followed. Appellant raises three assignments of error.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED BY NOT RAISING THE ISSUE OF APPELLANT'S COMPETENCY AND HOLDING A HEARING PURSUANT TO R.C. 2945.37 AND 2945.38, WHEN THE RECORD CONTAINS SUFFICIENT INDICIA OF APPELLANT'S INCOMPETENCE.

**{¶5}** Appellant argues that the trial judge should have *sua sponte* ordered a competency evaluation due to numerous indicators of Appellant's incompetency to enter a plea. "The competency standard for pleading guilty or waiving the right to counsel is the same as the competency standard for standing trial: whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings." *State v. Bolin*, 128 Ohio App.3d 58, 62, 713 N.E.2d 1092 (8th Dist.1998).

<u>Case No. 22 MA 0034</u>

**{¶6}** A criminal defendant is rebuttably presumed to be competent to stand trial. *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 56, citing R.C. 2945.37(G)

**{¶7}** "The fact that appellant suffers from a low IQ does not prevent him from entering a valid change of plea." *State v. Zachery*, 5th Dist. Stark No. 2004CA00091, 2004-Ohio-6282, ¶ 22. Further, the mere suggestion of mental illness does equate with a claim of incompetence to stand trial. *State v. Griffith*, 2nd Dist. Montgomery No. 26943, 2016-Ohio-8510, ¶ 16, citing *State v. Berry*, 72 Ohio St.3d 354, 650 N.E.2d 433 (1995), syllabus. No competency exam is needed if there are insufficient indicia of incompetency in the record. *State v. O'Neill*, 7th Dist. Mahoning No. 03 MA 188, 2004-Ohio-6805, ¶ 19.

**{¶8}** Appellant argues that three of his answers during the change of plea hearing indicate some degree of incompetency that should have called into question whether his plea was entered knowingly, intelligently, and voluntarily.

**{¶9}** First, the court asked Appellant if he understood that he had the right to call witnesses and have them subpoenaed to attend trial. Appellant answered: "Yes. And for which I had in mine?" (11/2/21 Tr., p. 5.) Appellant argues that this answer shows confusion. The trial court, though, rephrased the question and asked Appellant if he understood, and Appellant answered: "Yes." (11/2/21 Tr., p. 5.) Appellant's second answer does not reflect any confusion on his part.

**{¶10}** Second, Appellant argues that he was confused when the trial judge explained he would be released from prison after serving the minimum sentence unless he engaged in bad conduct. Appellant responded: "Bad conduct?" (11/2/21 Tr., p. 8.)

The trial judge then explained the term "bad conduct": "[s]o in other words, if you get a writeup while you're in prison the DRC determines it bad conduct, they are permitted under the law to extend your stay beyond the minimum term; do you understand that?" (11/2/21 Tr., pp. 8-9). Appellant answered: "Yeah." (11/2/21 Tr., p. 9.) Again, Appellant's answer following explanation does not reflect that he was confused.

{¶11} Third, Appellant argues that when the trial judge asked whether any threats or promises were made to him in order to persuade him to enter a plea, his answer revealed that his plea was voluntary:

THE COURT: Any questions about anything in here?

[APPELLANT]: No.

THE COURT: I assume you're a citizen of the United States?

[APPELLANT]: Yes.

THE COURT: And that no threats or promises have been made to you other than what we've just talking about in the court?

[APPELLANT]: Just be good in jail.

THE COURT: I'm sorry?

[APPELLANT]: Be good in jail.

THE COURT: The promise that there--

**[APPELLANT'S COUNSEL]**: A threat?

**THE COURT**: So just so we're clear.

**[APPELLANT]**: Not out in the real world, no.

**[APPELLANT'S COUNSEL]**: He's not being threatened to take a plea. In the jail there's some issues with some of the other inmates that are not related to this particular case.

**THE COURT**: Oh, I see. All right. Thank you. What is your plea to this indictment?

**[APPELLANT]**: I plead guilty.

(11/2/21 Tr., pp. 11-12.)

{¶12} Once again, Appellant's initial response was clarified during the colloquy and it became clear why he initially answered as he did.

{¶13} In determining whether a court should *sua sponte* order a competency hearing, the following factors are to be considered: "(1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial." *State v. Brown*, 7th Dist. Mahoning No. 16 MA 0147, 2017-Ohio-9372, ¶ 12, citing *State v. Cook*, 2016-Ohio-2823, 64 N.E.3d 350, ¶ 66 (5th Dist.).

{¶14} A trial court has discretion regarding whether to hold a competency hearing, and must only do so *sua sponte* for good cause shown. *State v. Hartman*, 174

Ohio App.3d 244, 2007-Ohio-6555, 881 N.E.2d 891, ¶ 15 (3rd Dist.). A trial court's decision regarding a competency hearing order is reviewed for abuse of discretion. *State v. Simon*, 2021-Ohio-3090, 176 N.E.3d 1208, ¶ 25 (4th Dist.). "We have defined an abuse of discretion as conduct that is unreasonable, arbitrary or unconscionable." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12.

**{¶15}** With respect to the first factor in *Brown*, the record does not indicate that counsel had any doubts about Appellant's competency. At sentencing, counsel did discuss Appellant's learning disabilities, battle with mental health disorders, comprehension, life skills, and Appellant's belief in this matter that he was engaged in consensual foreplay with the victim. The mere suggestion a defendant may have a learning disability or mental health issues does not call into question that defendant's competence to stand trial. We note that these issues were raised for the purpose of mitigating the severity of Appellant's sentence, and were not intended to question Appellant's competence. None of these issues were raised at the change of plea hearing. If counsel thought any of these matters raised concerns about Appellant's competency to enter a plea, he did not share those concerns on the record.

**{¶16}** Regarding the second factor, the record contains no evidence of irrational behavior by Appellant.

**{¶17}** Regarding the third factor, Appellant's demeanor during the trial proceedings did not indicate the need for a competency evaluation. Appellant was polite, cogent, engaged willingly and actively in the plea colloquy, and answered questions clearly. When asked if he had any further questions, Appellant answered: "No." (11/2/21 Tr., p. 11.) At sentencing, Appellant read a lengthy statement expressing

his remorse about the crime. He read it without pausing, repeating himself, or stumbling with words. He stated that he had fought against mental health issues, but did not elaborate. Based on Appellant's demeanor at trial as found in this record, nothing suggests Appellant's competency should be questioned.

{¶18} As to the fourth factor, there is no medical exam or evaluation in the record that would have indicated to the judge that a competency exam was needed or that a hearing about Appellant's competency should have been held.

{¶19} None of the *Brown* factors has been met, and this record does not even suggest a need for the trial judge to order a competency hearing. The trial court did not abuse its discretion in failing to *sua sponte* order a competency exam. Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA WHEN IT WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

{¶20} Appellant contends that he did not knowingly, intelligently, or voluntarily enter into his plea. A guilty plea must be made knowingly, intelligently, and voluntarily in order for it to be deemed valid and enforceable. *State v. McBride*, 7th Dist. Mahoning No. 16 MA 0002, 2017-Ohio-4281, ¶ 19. Crim.R. 11(C)(2) requires the trial judge to address the defendant personally to review the rights that the defendant is waiving and to discuss the consequences of the plea. *Id.* A defendant is unable to knowingly, intelligently and voluntarily plead guilty to an offense if he lacks the capacity to

<u>Case No. 22 MA 0034</u>

understand the nature and object of the proceedings against him. *State v. Davis*, 7th Dist. Columbiana No. 00 CO 61, 2002-Ohio-3853, ¶ 3.

**{¶21}** There is nothing in this assignment of error that was not already raised in Appellant's first assignment of error. Appellant concedes that the trial court did address all of his constitutional and non-constitutional rights before accepting the guilty plea. Appellant also concedes that he affirmatively waived all of those rights. Since there are no additional arguments being made, Appellant's second assignment of error is also overruled.

<u>ASSIGNMENT OF ERROR NO. 3</u>

APPELLANT'S COUNSEL WAS INEFFECTIVE.

**{¶22}** Appellant argues that his counsel was constitutionally ineffective. "[T]he Sixth Amendment right to counsel exists 'in order to protect the fundamental right to a fair trial.' " *Lockhart v. Fretwell*, 506 U.S. 364, 368, 122 L.Ed.2d 180, 113 S.Ct. 838 (1993), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Sixth Amendment's guarantee of the right to counsel "is the right to the effective assistance of counsel." *State v. Bradley*, 42 Ohio St.3d 136, 150, 538 N.E.2d 373 (1989).

**{¶23}** The test for an ineffective assistance of counsel claim is two-part: whether trial counsel's performance was deficient and whether the deficiency resulted in prejudice to the defendant. *State v. White*, 7th Dist. Jefferson No. 13 JE 33, 2014-Ohio-4153, ¶ 18, citing *Strickland* at 691; *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107.

<u>Case No. 22 MA 0034</u>

**{¶24}** In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Lyons*, 7th Dist. Belmont No. 14 BE 28, 2015-Ohio-3325, ¶ 11, citing *Strickland* at 694; see also *Bradley* at paragraph three of the syllabus. The appellant must affirmatively prove that the alleged prejudice occurred. *Strickland* at 693. The appellant also must engage in more than vague speculation in order to prove prejudice. *State v. Otte*, 74 Ohio St.3d 555, 566, 660 N.E.2d 711 (1996).

**{¶25}** If one prong of the *Strickland* test is not met, an appellate court need not address the remaining prong. *Id.* at 697. The appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Pettress*, 2019-Ohio-2692, 140 N.E.3d 118, ¶ 11 (7th Dist.). A licensed attorney is presumed competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶26}** Courts are very deferential to the tactical choices that attorneys make at trial and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Bradley* at 142. Counsel's tactical choices, even those having negative consequences, normally do not constitute ineffective assistance. *State v. Carpenter*, 116 Ohio App.3d 615, 626, 688 N.E.2d 1090 (2nd Dist.1996).

**{¶27}** We have held that "a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary."

*State v. Fatula*, 7th Dist. Belmont No. 07 BE 24, 2008-Ohio-1544, ¶ 9, citing *State v. Kidd*, 2nd Dist. Clark No. 03CA43, 2004-Ohio-6784, ¶ 16. Because Appellant pleaded guilty in this case, he must show that trial counsel's alleged ineffectiveness prevented a knowing and voluntary plea.

**{¶28}** Appellant's sole argument is that counsel should have raised the issue of his incompetence to enter a guilty plea. As examined in the previous two assignments of error, there is nothing in the record that indicates Appellant was incompetent to enter his plea. The record shows that Appellant understood what was happening throughout the proceedings, actively engaged in the plea colloquy, presented a very cogent statement at sentencing, and otherwise showed no indicators of incompetence. Appellant not only expressed satisfaction with counsel's representation at the plea hearing, but called him a "great man." (11/2/21 Tr., p. 3.) Counsel was also able to obtain a result that was better than the sentence recommended by the prosecutor. As this record contains no indication of deficient performance by counsel, or prejudice due to counsel's actions, there was no ineffective assistance of counsel. Appellant's third assignment of error is overruled.

Conclusion

**{¶29}** Appellant's argument that the trial judge should have *sua sponte* ordered a competency exam is not supported by the record. A trial court's decision not to *sua sponte* order a competency exam is reviewed under the four-factor test in *State v. Brown*, 7th Dist. Mahoning No. 16 MA 0147, 2017-Ohio-9372, and the record does not support any of these factors. Appellant also argues that his counsel was constitutionally ineffective for not requesting a competency exam. The record does not support the

conclusion that counsel should have requested a competency exam, or that Appellant was prejudiced by counsel's action. Appellant's assignments of error are overruled, and his conviction and sentence are affirmed.

D'Apolito, P.J., concurs.

Hanni, J., concurs.

[Cite as *State v. Wilkerson*, 2023-Ohio-3596.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**